UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cr-20558-KMM-1

UNITED STATES OF AMERICA,

v.

ROMUEL ANGRAND,

    Defendant.
_____/

**ORDER ON REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendant Romuel Angrand's ("Defendant") Motion to Suppress Physical Evidence. (ECF No. 55). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, who held a hearing on the Motion on July 31, 2023. *See* (ECF No. 62). On August 29, 2023, Magistrate Judge Louis issued a Report and Recommendation ("R&R") recommending that the Motion be denied. (ECF No. 73). Defendant filed timely objections. ("Obj.") (ECF No. 75). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

    **I.**    **LEGAL STANDARD**

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

A party's objections are improper, however, if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge.  Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).  When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

II. **DISCUSSION**

Defendant Angrand objects both to the factual findings set forth in the R&R and Magistrate Judge Louis's recommendation that the Motion be denied. Obj. at 1.  Specifically, Defendant "takes exception to the finding that the testimony of Lt. Rosa Carvajal and Ofc. Henry Fitoria warranted greater weight than his own." *Id.*  The Court notes at the outset that each of Defendant's objections was raised at the suppression hearing and addressed by Magistrate Judge Louis in the R&R.  *See generally* R&R.  Indeed, Defendant acknowledges that his objections simply

"reiterate[] and re-adopt[] the arguments set forth at the hearing," Obj. at 1, and Defendant cites no legal authority to support his objections.

First, Defendant objects to the R&R's conclusion that there was probable cause to support the traffic stop. *See id.* Defendant avers that "he never committed any of the traffic infractions that served as the basis for the challenged traffic stop and search, and no independent evidence contradicted this assertion." *Id.* Defendant raised this argument at the suppression hearing, and Magistrate Judge Louis determined there was probable cause to support the traffic stop. *See* R&R at 6–8. Magistrate Judge Louis found that Lt. Carvajal testified credibly that Defendant committed four distinct traffic infractions, any one of which would have been sufficient to find probable cause to effectuate a traffic stop. *Id.* at 7. Additionally, the R&R notes that "Lt. Carvajal's testimony about the events of the night were in other material respects corroborated by both the video and testimony of other witnesses." *Id.* This Court agrees that there was probable cause to support the traffic stop.

Second, Defendant argues that Lt. Carvajal lacked reasonable suspicion that Defendant was armed and dangerous and, as such, unlawfully removed Defendant from the vehicle. *See* Obj. at 1–2. However, Magistrate Judge Louis did not find that Defendant was armed and dangerous, because "such a finding is not necessary to conclude that Lt. Carvajal properly demanded and subsequently removed Defendant from the vehicle." R&R at 9. It is well established that "[d]uring a lawful traffic stop, officers . . . may take steps that are reasonably necessary to protect their personal safety, including requiring the driver and passengers to exit the vehicle as a matter of course." *United States v. Spoerke*, 568 F.3d 1236, 1248 (11th Cir. 2009) (citations and internal quotation marks omitted). As such, Magistrate Jude Louis did not err in concluding that Lt. Carvajal was permitted to require Defendant to exit the vehicle.

Finally, Defendant asserts that "he was not under the influence of any narcotic at the time of the search" and "any speculation otherwise was clearly erroneous." Obj. at 2. Defendant raises no specific objection or authority supporting his argument. At its heart, this contention is another restatement of arguments previously offered—*i.e.*, that greater weight should have been given to Defendant's testimony than that of Lt. Carvajal and Officer Fitoria. In the R&R, Magistrate Judge Louis explains that "if the marijuana was not for [Defendant's] personal use but for distribution, then he was then engaged in a crime. Either scenario I find would affect the credibility of his testimony about the night of his arrest and I afford greater weight to Lt. Carvajal's testimony." R&R at 7. The Court finds no clear error with Magistrate Judge Louis's conclusions.

### III. CONCLUSION

UPON CONSIDERATION of the Motion, the R&R, the Objections, the pertinent portions of the record, and being otherwise fully advised in the premises, the R&R (ECF No. 73) is hereby ADOPTED. For the reasons set forth in Magistrate Judge Louis's thorough and persuasive R&R, Defendant's Motion to Suppress Physical Evidence (ECF No. 55) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *18th* day of September, 2023.

*K. M. Moore*
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record